**SECURITIES AND EXCHANGE COMMISSION, Applicant,**

v.

**A. H. ZANGANEH, Respondent.**

**Misc. No. 78–0345.**

United States District Court,
District of Columbia.

Dec. 18, 1978.

Paul A. Fischer, Washington, D. C., for applicant.

James J. Bierbower, Washington, D. C., for respondent.

MEMORANDUM AND ORDER

GESELL, District Judge.

This is a show cause proceeding to enforce an SEC *duces tecum* subpoena requiring respondent to appear in Washington, D. C. in connection with an investigation of Textron authorized by the Commission. Respondent is a citizen of Iran residing in Paris, France, who is suspected of having knowledge concerning certain alleged payments made by Textron to foreign officials. The subpoena was issued under authority of Section 21(b) of the Securities and Exchange Act of 1934. Service was accomplished by leaving the subpoena at the offices of an Oklahoma corporation owned and organized by respondent to hold certain Oklahoma lands for his children. The Commission's rules provide that service on an individual may be had by service at an office of the individual, *see* 17 C.F.R. § 203.8, and Rule 14(b)(3) of the Commission's Rules of Practice, 17 C.F.R. § 201.-14(b)(3). There was no individual service and respondent was not in the United States.

Respondent challenges both the Commission's authority to issue the subpoena in his case and the sufficiency of the service.

The short answer to this problem is that, under the facts stated, the Commission has no power to subpoena an alien non-resident to appear before it from a foreign land. Section 21(b) authorizes the Commission to require a witness's attendance only "from any place in the United States or any State . . . ." 15 U.S.C. § 78u(b). The Court does not decide whether different considerations might apply in the case of a United States citizen or an alien who, unlike respondent, had in some fashion submitted to the SEC's jurisdiction. This is also not a case where the SEC requests foreign-located property of a company residing or doing business within the United States. *See Federal Maritime Commission v. De Smedt,* 366 F.2d 464 (2d Cir.), *cert. denied,* 385 U.S. 974, 87 S.Ct. 513, 17 L.Ed.2d 437 (1966); *SEC v. Minas de Artemisa,* 150 F.2d 215 (9th Cir. 1945).

The Commission's application for an order requiring respondent to comply with the subpoena *duces tecum* is accordingly denied.

SO ORDERED.